IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| PABLO GAY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 7:20-cv-00220 |
| | § | |
| QUICKEN LOANS, LLC, | § | |
| f/k/a QUICKEN LOANS INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT QUICKEN LOANS, LLC'S**
**NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Quicken Loans, LLC[1] ("***Quicken Loans***") hereby removes this action from the 441st Judicial District Court of Midland County, Texas, to the United States District Court of the Western District of Texas, Midland/Odessa Division, and as grounds for removal states as follows:

**I. STATE COURT ACTION**

**1.** On August 31, 2020, Plaintiff Pablo Gay ("***Plaintiff***") filed *Plaintiff's Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Request for Disclosures* (the "***Petition***") in the 441st Judicial District Court of Midland County, Texas, styled *Pablo Gay v. Quicken Loans, Inc.,* Cause No. CV56954 (the "***State Court Action***").

**2.** Plaintiff asserts claims related to real property located at 608 West Cuthbert, Midland, Texas 79701 (the "***Property***"). *See* Petition, pg. 2. Specifically, Plaintiff seeks to enjoin a foreclosure sale, and Plaintiff alleges causes of action for negligence, violation of the Real Estate

---

[1] Effective April 15, 2020, Quicken Loans Inc. changed its name to Quicken Loans, LLC

Settlement Procedures Act ("**RESPA**"), violation of Texas Property Code section 51.002, breach of contract, and violation of the Governor's Executive Orders.

3. With this Notice of Removal, Quicken Loans removes the State Court Action to this Court on the bases of diversity jurisdiction and federal question jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d), 1441(1), 1446(a).

5. This removal is timely because it is being filed "within 30 days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

7. Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Quicken Loans is simultaneously (**a**) serving Plaintiff with a copy of this Notice of Removal, and (**b**) filing a copy of the Notice of Removal in the 441st Judicial District Court of Midland County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[2]

## III. DIVERSITY JURISDICTION

8. The Court has diversity jurisdiction in this matter. Where complete diversity exists among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a

---

[2] Quicken Loans has not included Exhibit 1 to the state court removal notice because Exhibit 1 is a copy of this Notice of Removal.

citizen of the same state as Quicken Loans. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As shown below, the amount in controversy requirement is also satisfied.

### A. Diversity of Citizenship

9. According to Plaintiff's Original Petition, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. *See* Plaintiff's Petition, pg. 2.

10. Quicken Loans is a limited liability company organized under the laws of the state of Michigan. A limited liability company is a citizen where each of its members is a citizen. *See Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Quicken Loans, LLC's sole member is Rock Holdings Inc., a privately held Michigan corporation headquartered in Detroit, Michigan. According to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." Thus, Rock Holdings Inc. is a citizen of Michigan. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S. Ct. 941, 163 L. Ed2d 797 (2006). Consequently, pursuant to 28 U.S.C. §1348, for diversity purposes, Quicken Loans is a citizen of Michigan.

11. Because Plaintiff is a citizen of Texas and Quicken Loans is not a citizen of Texas, complete diversity exists among the parties. *See* 28 U.S.C. § 1332(c)(1).

### B. Amount in Controversy

12. The amount in controversy requirement is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc*., 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional

minimum]."). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds the $75,000 requirement. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.

13. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin.*, LLC, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009). To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorney fees. *White*, 319 F.3d at 675–76.

14. Plaintiff seeks injunctive relief preventing Quicken Loans from foreclosing on the Property. *See* Petition, pg, 5. "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Greenberg*, 134 F. 3d at 1252-53 (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983)); *see also Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 700 (S.D.Miss.1988) ("In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").

15. If the right to property is at issue, the court will look to the value of the property to determine whether the minimum amount in controversy amount has been met for jurisdiction. *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545,

547–48 (5th Cir.1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."); *see also Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (finding under similar claims that, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property . . . , the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property").

16. Additionally, the Fifth Circuit has held that where a plaintiff seeks injunctive and declaratory relief related to the ability to enforce a deed of trust, the value of the property represents the amount in controversy" for purposes of determining diversity jurisdiction. *Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 342-43 (5th Cir. 2013) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy.") (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir.1973)).

17. Accordingly, because Plaintiff is seeking injunctive relief and the right to property is at issue in this case, the amount in controversy is to be determined by the value of the Property. *See Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using current market value of property from the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland*, 485 Fed. App'x at 9).

18. According to the Midland Central Appraisal District, the current value of the property is $170,510.00.[3] Thus, the value of the Property satisfies the amount in controversy requirement. A

---

[3] Quicken Loans does not contend that this particular appraisal constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

true and correct copy of the 2020 tax statement is attached hereto as **Exhibit C** and is incorporated herein by reference.

19. Because there is complete diversity between the parties and the amount in controversy, $170,510.00, exceeds the $75,000.00 requirement, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

## IV. FEDERAL QUESTION JURISDICTION

20. In addition, this action may be removed to this Court under 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United State." 28 U.S.C. § 1331. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff asserts a cause of action that allegedly stems from and includes a violation of RESPA, codified as Title 12, Chapter 27 of the United States Code, 12 U.S.C. §§ 3601-2617. Plaintiff's RESPA claims arise under the federal laws of the United States and this Court therefore has federal question jurisdiction over Plaintiff's claims. 28 U.S.C. § 1331.

21. To the extent the Petition alleges statutory, state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims because those claims arise out of the same operative facts as Plaintiff's RESPA claims. 28 U.S.C. § 1367.

## V. RESERVATION OF RIGHTS

22. In filing this Notice of Removal, Quicken Loans does not waive, and specifically reserves, any and all objections as to service, objections to personal jurisdiction, defenses, exceptions, rights, and motions.

## VI. REMOVAL

WHEREFORE, Defendant Quicken Loans, LLC removes this action from the 441st Judicial District Court of Midland County, Texas, to the United States District Court for the Western District of Texas, Midland/Odessa Division, so that this Court may assume jurisdiction over the case as provided by law.

Respectfully submitted,

By: */s/ Jacob Sparks*
**Jacob Sparks**
Texas Bar No. 24066126
**Shelby Wilson**
Texas Bar No. 24106581

**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel:   (214) 750-3624
Fax:   (214) 750-3612
Email: JSparks@SpencerFane.com
Email: SWilson@SpencerFane.com

*Attorneys for Quicken Loans Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, I served this Notice of Removal on the following party in compliance with the Federal Rules of Civil Procedure:

Robert Clarence Newark, III
Newark Firm
1341 W. Mockingbird Lane, Ste. 600W
Dallas, TX 75246
Tel: 866-230-7236
Fax: 888-316-3398
Email: office@newarkfirm.com

By: */s/ Jacob Sparks*
Jacob Sparks