**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **PABLO GAY,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **MO:20-CV-00220-DC** |
| | § | |
| **QUICKEN LOANS, LLC, F/K/A** | § | |
| **QUICKEN LOANS INC.,** | § | |
| *Defendant*. | § | |

<u>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**</u>

BEFORE THE COURT is the Motion for Summary Judgment filed by Defendant Quicken Loans, LLC f/k/a Quicken Loans Inc. (Defendant) on December 1, 2021. (Doc. 36). This lawsuit was initially filed by Plaintiff Pablo Gay (Plaintiff) in state court against Defendant. (Doc. 1-1). Via his Original Petition, Plaintiff sought to enjoin the foreclosure sale of property located at 608 W. Cuthbert, Midland, Texas 79701 (the Property). *Id.* Plaintiff also alleged that Defendant was negligent, breached the contract executed by the parties, and violated the Real Estate Settlement Procedures Act (RESPA), the Texas Property Code, and the Governor's Executive Order GA-28. *Id.* at 3.

After the case was removed to this Court, on January 20, 2021, Defendant filed a counterclaim for foreclosure against Plaintiff and a third-party claim for foreclosure against Anna J. Subia (Ms. Subia) and the State of Texas (the State) (together, the Third Parties). (Doc. 5). The State filed its Answer to the Third-Party Complaint on February 23, 2021. (Doc. 13).

On July 2, 2021, Defendant filed a motion for judgment on the pleadings requesting the dismissal of Plaintiff's negligence-based claims, claims for violation of the Texas Property Code, claims for violation of Executive Order GA-28, and claims for breach of contract. *Id.* at 2. Moreover, Defendant argued that it was entitled to an order authorizing foreclosure on the

Property as a matter of law. *Id.* The Court granted the motion for judgment on the pleadings in part. (Doc. 35). The Court dismissed Plaintiff's claims against Defendant but did not issue an order authorizing foreclosure on the Property. *Id.* Instead, the Court converted Defendant's motion into a motion for summary judgment and requested additional briefing. *Id.* at 8. Per the Court's Order, the deadline to respond to the Motion for Summary Judgment expired on Friday, December 17, 2021. (*See* Doc. 35). Plaintiff and Ms. Subia did not file a response. The State filed a Stipulation indicating it does not take a position on the propriety of foreclosure. (Doc. 37). Accordingly, the Motion for Summary Judgment is unopposed.

## I.    LEGAL STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id.*

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue

for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party cannot rest on the mere allegations of the pleadings to sustain this burden. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial. *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995) (citing *Munoz v. Int'l All. of Theatrical Stage Emps. & Moving Picture Mach. Operators of the US & Can.*, 563 F.2d 205, 297 n.1 (5th Cir. 1977)). Federal courts sitting in diversity apply state substantive law and federal procedural law. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 437 (2010) (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).

## II.    DISCUSSION

As a preliminary matter, the Court notes that although it "may not grant a 'default' summary judgment where no response [was] filed," it may find the facts presented by the movant in its motion for summary judgment undisputed. *Bradley v. Chevron USA, Inc.*, No. Civ.A. 204CV092J, 2004 WL 2847463, at *1 (N.D. Tex. Dec. 10, 2004) (citing *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). Moreover, when no response is filed, the nonmovant is "relegated to [its] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Cup v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1992)). Finally, the Court need not "sift through the record in search of evidence" that supports the nonmovant's position. *Forsyth v. Barr*, 19

F.3d 1527, 1533 (5th Cir. 1994). Plaintiff and Ms. Subia did not file a response to Defendant's Motion for Summary Judgment, and their unsworn pleading is not summary judgment evidence. Additionally, as noted previously, the State does not take a position as to the validity of the counterclaim for foreclosure against Ms. Subia and Plaintiff. (Doc. 37 at 2). Consequently, the Court may find the facts offered by Defendant to support its Motion undisputed.

Having reviewed the summary judgment evidence, the Court finds that Defendant is a holder of the note in question. (*See* Doc. 36-1 at 4). Additionally, the deed of trust allows the Lender (defined as "any holder of the Note who is entitled to receive payments under the Note") to enforce the power of sale in case of default. *Id.* at 26. Defendant has provided undisputed evidence that Plaintiff and Ms. Subia defaulted on the loan and that a debt exists. *Id.* at 6. As of December 10, 2021, the amount required to satisfy the loan fully is $76,594.49. *Id.* This amount increases daily with accrued interest charges and other fees. *Id.* Moreover, Defendant provided evidence that it mailed Plaintiff and Ms. Subia notice of the default and its intent to accelerate the note. *Id.* at 44–48, 58–97. It also sent Plaintiff and Ms. Subia notice of its intention to enforce the power of sale provision in the deed of trust. *Id.*

Because Plaintiff and Ms. Subia have defaulted on their contractual obligations, remain in default, and Defendant has complied with all prerequisites to foreclosure, Defendant is entitled to foreclose on the Property. *See Bourgeois v. New Century Mortg. Corp.*, No. 3:17-CV-00059, 2018 WL 3118392, at *6 (S.D. Tex. June 1, 2018), *report and recommendation adopted*, 3:17-CV-00059, 2018 WL 3104918 (S.D. Tex. June 25, 2018) (allowing foreclosure under the deed of trust when the bank established that the borrowers defaulted on the loan). Accordingly, summary judgment on the foreclosure claim in Defendant's favor is warranted.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. (Doc. 36).

It is so **ORDERED**.

SIGNED this 21st day of December, 2021.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE